IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

GRANVILLE BOST,

                        Plaintiff,

     vs.                            Civil Action No.
                                      9:04-CV-0246 (GLS/DEP)

J. RICHARD BOCKELMANN, *et al.*,

                        Defendants.

---

APPEARANCES:                      OF COUNSEL:

FOR PLAINTIFF:

GRANVILLE BOST, *pro se*

FOR DEFENDANTS:

MAYNARD, O'CONNOR LAW FIRM    MICHAEL CATALINOTTO, ESQ.
Route 9W
P.O. Box 180
Saugerties, NY 12477

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

     Plaintiff Granville Bost, who while now a New York State prison inmate was in local custody at the times relevant to his claims, has commenced this civil rights action alleging deprivation by the defendants

of his civil rights. In his complaint Bost asserts that while incarcerated within the Ulster County Correctional Facility he was subjected to cruel and unusual punishment as a result, *inter alia*, of defendants' delay in providing him with both a prescription inhaler, to address his asthma, and a high calorie intake diet. Plaintiff's complaint seeks compensatory damages in the amount of two million dollars.

Currently pending before the court is a motion by one of the named defendants, Dorothy Zimmer, seeking dismissal of plaintiff's claims against her based upon a lack of personal jurisdiction. Because plaintiff has established a *prima facie* basis for this court to exert personal jurisdiction over the moving defendant, I recommend that her dismissal motion be denied, but that she be afforded leave to renew the motion following completion of discovery.

I.   BACKGROUND

The facts of this case are relatively uncomplicated, and for purposes of the pending motion are drawn principally from plaintiff's complaint as well as the parties' affidavits in support of and in opposition to the instant motion.[1]

---

[1] As will be seen, in light of my recommendation that the court limit its analysis at this juncture to whether plaintiff has established a *prima facie* basis for

2

Plaintiff was confined in the Ulster County Correctional Facility ("Ulster") beginning on or about January 12, 2004.[2] Complaint (Dkt. No. 1) ¶ 4. On that day, Bost asked to see a doctor in order to request a special diet, as well as an inhaler to address his asthma condition. *Id.* ¶ 7. In response to that request an appointment with a prison doctor was scheduled on January 16, 2004, but was later cancelled, apparently in light of the fact that Bost was taken to court on that date. *Id.* ¶¶ 8-9. Plaintiff was ultimately seen on January 23, 2004 by a prison doctor, who placed him on a high calorie diet and prescribed the requested inhaler. *Id.* ¶ 11.

According to Bost, his high calorie diet was not implemented until January 28, 2004; since that time, there have been occasions when his food allotment was not fully consistent with that prescribed high calorie

---

exerting jurisdiction over defendant Zimmer, all submissions have been interpreted in a light most favorable to the plaintiff. *See* pp. 8-9, *post.*

   [2]   It is unclear from both plaintiff's complaint and defendants' submissions whether, at the relevant times, Bost was a pretrial detainee, or instead incarcerated at the Ulster County Correctional Facility as a result of a criminal conviction. If plaintiff was an inmate at Ulster as a result of a conviction, then his claims are subject to Eighth Amendment scrutiny. *See Benjamin v. Fraser*, 343 F.3d 35, 49-50 (2d Cir. 2003). If, on the other hand, plaintiff's status at the relevant time was as a pretrial detainee, his claims would be more appropriately measured under the due process clause of the Fourteenth Amendment. *Id.* While there is a great deal of overlap between the two provisions they are not entirely congruent. *Id.* It is unnecessary, however, to determine this issue for the purposes of the pending motion.

diet. Complaint (Dkt. No. 1) ¶¶ 12-13. Plaintiff maintains that his recorded weight dropped from 170 pounds at the commencement of his incarceration at Ulster to as low as 153 pounds, a fact which he apparently attributes to defendants' failure to provide him with the proper, high intake diet. *Id.* ¶¶ 6, 14. Plaintiff also reports that the requested inhaler was not provided to him until February 20, 2004, and that while at Ulster he experienced other difficulties in receiving medication, including a daily aspirin which was also prescribed for him.[3] Complaint (Dkt. No. 1) ¶ 15.

Responsibility for the provision of food services at Ulster has been contracted out to Aramark Correctional Services, Inc. ("Aramark") which, according to defendants' submissions, is a Delaware corporation authorized to do business in the State of New York. Zimmer Aff. (Dkt. No. 39) ¶¶ 3-4. Dorothy Zimmer, one of the defendants named in plaintiff's complaint, is an employee of Aramark who resides in Illinois and works in that company's Oakbrook Terrace, Illinois office. *Id.* ¶ 3. During the

---

[3] Although it is far from clear, plaintiff's complaint also appears to allege that he was harassed and placed in segregated housing while at Ulster. Complaint (Dkt. No. 1) Third Cause of Action. Liberally construed, these portions of plaintiff's complaint could be interpreted as alleging that those actions were taken in retaliation for his having registered complaints against prison officials.

course of her tenure at Aramark, Zimmer has visited some prison facilities within New York, although she has never been to or worked at Ulster. *Id.* Zimmer's duties with Aramark, both in January of 2004 and at the time her affidavit was written, have included the preparation and coordination of menus for jails through the United States, as well as responsibility for the contents of Aramark's diet handbook. *Id.* ¶ 4. While that handbook generally governs inmates' diets at facilities serviced by Aramark, defendant Zimmer notes that any special inmate dietary needs are handled at the particular facility involved by the local food service director. *Id.*

## II. PROCEDURAL HISTORY

Plaintiff commenced this action on March 8, 2004, naming J. Richard Bockelmann, the Ulster County Sheriff; Bradford Ebel, the Superintendent at Ulster; Ellen Kirkpatrick, a registered nurse at the facility alleged to have been employed by Correctional Medical Care, Inc.; and Dorothy Zimmer as defendants.[4] Complaint (Dkt. No. 1).

On February 10, 2005 defendant Dorothy Zimmer moved seeking

---

[4] While his complaint admits of some ambiguity on this score, it appears that Bost may have intended to name Aramark Food Services as a defendant, and that entity has in fact appeared in the action. *See* Dkt. No. 23.

5

dismissal of plaintiff's claims against her, based upon lack of personal jurisdiction.[5] Dkt. No. 39. In her motion, which does not contest the sufficiency of service upon her, defendant Zimmer argues that there exists no basis for this court to assert personal jurisdiction over her pursuant to the long arm jurisdiction provisions of New York, the forum state.[6] Plaintiff has since responded in opposition to defendants' motion, arguing that there is a sufficient basis for a finding of jurisdiction in light of defendant Zimmer's activities in New York on behalf of Aramark.

Defendant Zimmer's motion, which is now ripe for determination, has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c). *See also* Fed. R. Civ. P. 72(b).

---

[5] Since the filing of defendant Zimmer's motion was preceded by her interposition of an answer, in which the defense now raised was asserted, her motion, though brought under Rule 12(b) of the Federal Rules of Civil Procedure, is being treated as seeking judgment on the pleadings pursuant to Rule 12(c). *Federal Commerce & Navigation Co., Ltd. v. Marathonian*, 392 F. Supp. 908, 916 n.1 (S.D.N.Y.), *aff'd*, 528 F.2d 907 (1975), *cert. denied*, 425 U.S. 975, 96 S. Ct. 2176 (1976).

[6] There is nothing in either the court's records or the submissions of the parties to indicate that defendant Dorothy Zimmer has ever been properly served in this action. While it does appear that a copy of the summons was sent by the United States Marshal Service to Dorothy Zimmer, addressed to Aramark Food Services at 61 Golden Hill Drive, Kingston, New York 12401 – apparently the address associated with the Ulster County Jail – there is no indication that she signed and returned the acknowledgment.

III.   DISCUSSION

    A.   Standard of Review

The portion of defendant Zimmer's motion which seeks dismissal of plaintiff's claims against her on the merits is brought pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, which governs the entry of judgment on the pleadings.[7]  Ordinarily, when analyzing a Rule 12(c) motion, the court applies the same standard as that which governs motion under Rule 12(b)(6).  *See, e.g., Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.), *cert. denied*, 513 U.S. 816, 115 S. Ct. 73 (1994); *Wynn v. Uhler*, 941 F. Supp. 28, 29 (N.D.N.Y. 1996) (Pooler, J.).  Accordingly, in deciding such a motion, a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the plaintiff as the non-moving party; when a plaintiff's complaint is viewed in

---

[7]   Rule 12(c) provides that:

> [a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.  If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(c).

that light, a court may not order its dismissal "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); *Sheppard*, 18 F.3d at 150 (citing *Conley*); *Wynn*, 941 F. Supp. at 29 (same).

Consideration of a motion to dismiss based upon a lack of jurisdiction deviates somewhat from the traditional Rule 12(b) or 12(c) analysis, in that matters outside of the pleadings themselves may properly be considered as part of such a motion. *American Prop. Consultants, Ltd. v. Walden Lisleassocs., L.P.*, No. 95 CIV. 329, 1997 WL 394617, at *4 (S.D.N.Y. July 14, 1997) ("[I]t is well-settled that in considering jurisdictional motions, the Court may consider evidence outside of the pleadings in reaching its decision without necessitating the use of Rule 56."(citation and internal quotations omitted))*.*

When presented with a motion drawing personal jurisdiction into question, two alternative courses of action are open to a court. The court may opt to conduct an evidentiary hearing and determine, based upon the evidence adduced, whether the plaintiff has sustained his, her or its burden of establishing jurisdiction. *Marine Midland Bank, N.A. v. Miller*,

664 F.2d 899, 904 (2d Cir. 1981). Alternatively, the court may choose instead to make a preliminary finding of whether, based upon the parties' submissions, the plaintiff has made a *prima facie* showing of personal jurisdiction through affidavits and supporting materials, leaving to another day the ultimate question of whether the plaintiff can prove the existence of personal jurisdiction by a preponderance of the evidence. *See Distefano v. Carozzi North Am., Inc.,* 286 F.3d 81, 84 (2d Cir. 2001); *see also Gilbert v. Wilson*, 821 F. Supp. 857, 859 (N.D.N.Y. 1993) (citing, *inter alia*, *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986)). If the latter course is followed, at that initial juncture the court must construe all pleadings and affidavits in a light most favorable to the plaintiff, resolving all doubts in his, her or its favor. *See Distefano*, 286 F.3d at 84 (citing *CutCo*) *.*

As may be evident, the burden in which a plaintiff must carry in order to defeat a motion challenging personal jurisdiction varies, depending upon the procedural setting. When no evidentiary hearing is held "the plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials." *Marine Midland Bank, N.A.,* 664 F.2d at 904. Even under this relaxed standard the sufficiency of a *prima*

9

*facie* showing of jurisdiction will depend in part upon the procedural posture of the case, and particularly whether any pretrial discovery has occurred; as the Second Circuit has noted,

> where . . . the parties have conducted extensive discovery regarding the defendant's contacts with the forum state, but no evidentiary hearing has been held – "the plaintiff's *prima facie* showing, necessary to defeat a jurisdiction testing motion, must include an averment of facts that, if credited by [the ultimate trier of fact], would suffice to establish jurisdiction over the defendant."

*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir.) (brackets in original; quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir.), *cert. denied*, 498 U.S. 854, 111 S. Ct. 159 (1990)), *cert. denied*, 519 U.S. 1006, 117 S. Ct. 508 (1996).

When the question of personal jurisdiction is finally determined, either after an evidentiary hearing or at some other stage in the proceedings, the ultimate burden of establishing jurisdiction rests with the plaintiff, who must demonstrate a basis for exerting jurisdiction over the defendant in issue by a preponderance of the evidence. *Marine Midland Bank, N.A.*, 664 F.2d at 904; *Gilbert*, 821 F. Supp. at 859; *Wegman v. Grimmke*, No. 03-CV-234, 2005 WL 563369, at *2 (W.D.N.Y. Mar. 9, 2005).

B.   Defendant Zimmer's Jurisdictional Challenge

In a case involving a defendant who resides outside of the forum state, a federal court must apply the state's personal jurisdiction rules, absent the existence of a statute authorizing nationwide service of process.[8]  *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir. 2004); *see also* Fed. R. Civ. P. 4(k)(1)(A) (a federal court may exercise jurisdiction over a defendant "who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located"); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994).  As the Second Circuit has noted,

> [p]ersonal jurisdiction may be exercised [in the federal courts] only when (1) the State's laws authorize service of process upon the defendant and (2) an assertion of jurisdiction under the circumstances of the case comports with the requirements of due process.

*Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 99 (2d Cir. 2000), *cert. denied*, 532 U.S. 941, 121 S. Ct. 1402 (2001).  These rules also apply to civil rights claims asserted under 42 U.S.C. § 1983.  *Cf. Robinson*, 21 F.3d at 510-11 (applying CPLR § 302(a) to civil rights claim under *Bivens*

---

[8]   42 U.S.C. § 1983, upon which plaintiff's claims are based, does not authorize such nationwide service.  *Sadler v. Rowland*, No. 3:01CV1786, 2004 WL 2061127, at *1-*2 (D. Conn. Sept. 13, 2004).

11

*v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S. Ct. 1999 (1971); *see also Wegman,* 2005 WL 563369, at *4 (citing *Robinson*).

The exertion of jurisdiction in New York over an out-of-state defendant is governed principally by New York's long arm statute, N.Y. Civil Practice Law & Rules ("CPLR") § 302 which provides, in relevant part, that personal jurisdiction in a New York court may lie over a non-domiciliary who

> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
>> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

>>(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce[.]

N.Y. CPLR § 302(a).

In this action, construing the submissions of the parties in a light most favorable to the plaintiff, it appears that Bost has established a *prima facie* basis for exertion of long arm jurisdiction over defendant Zimmer. Defendant Zimmer herself acknowledges that as an Aramark employee she has visited New York prison facilities serviced by her employer, although denying that she has ever been to the Ulster County Jail. Zimmer Aff. (Dkt. No. 39) ¶ 3.  Zimmer also acknowledges that as part of her responsibilities, she is required to prepare and coordinate menus for jails throughout the United States, presumably including Ulster, which are serviced by Aramark. *Id.* ¶ 4. Liberally construed, these allegations suffice to establish the transaction of business by defendant Zimmer in New York.  N.Y. CPLR § 302(a)(1); *see Kronisch v. U.S.*, 150 F.3d 112, 130-31 (2d Cir. 1999); *People of the State of New York ex rel. Spitzer v. Operation Rescue Nat'l*, 69 F.Supp.2d 408, 415-16 (W.D.N.Y. 1999)

(collecting cases).

In his responding papers, Bost also alleges that it was defendant Zimmer who was responsible for preparing the menus which resulted in his being subjected to cruel and unusual punishment. Bost Aff. (Dkt. No. 44) ¶ 12. Such an allegation of the commission of tortious conduct outside of the state causing injury within New York state provides yet another basis for the assertion of long arm jurisdiction. N.Y. CPLR § 302(a)(3). *Foot Locker Retail, Inc. v. SBH, Inc.*, No. 03 Civ. 5050, 2005 WL 91306, at *3-*5 (S.D.N.Y. Jan. 18, 2005); *Johnson v. Bryco Arms*, 304 F.Supp.2d 383, 397, 400-01 (E.D.N.Y. 2004). This allegation, coupled with the fact that Zimmer and her employer, Aramark, apparently regularly do and solicit business in New York, and in any event should expect or reasonably expect their acts to have consequences within the state and additionally derive substantial revenue from interstate commerce, also suffices to satisfy the provisions of N.Y. CPLR § 302(a)(3). *Id.*

In sum, the materials now before the court, when generously construed in plaintiff's favor, show that he has established a *prima facie* case for asserting personal jurisdiction over defendant Zimmer.

IV.   SUMMARY AND RECOMMENDATION

Based upon the parties' submissions, considered in a light most favorable to the plaintiff and with all inferences being drawn in his favor, I find that Bost has adequately stated a *prima facie* basis for assertion of jurisdiction over defendant Zimmer under New York's long arm jurisdictional provisions. The question of whether plaintiff will ultimately be able to sustain his burden of establishing a basis for such jurisdiction by a preponderance of the evidence will have to await discovery on that issue. Based upon the foregoing, it is hereby

RECOMMENDED that the motion of defendant Dorothy Zimmer to dismiss plaintiff's claims against her based upon lack of personal jurisdiction (Dkt. No. 39) be DENIED, with leave to renew after plaintiff has had a reasonable opportunity to conduct discovery on the issue of personal jurisdiction.

NOTICE:  pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report-recommendation.  Any objections shall be filed with the clerk of the court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the Court serve a copy of this report and recommendation upon the parties by regular mail.

Dated: July 11, 2005
Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

G:\ISSUES\civil rights\personal jurisdiction\bost.wpd