**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**_____**

**GRANVILLE BOST,**

                **Plaintiff,**               **9:04-CV-0246**
                                                            **(GLS/DEP)**

        **v.**

**J. RICHARD BOCKELMANN,**
**BRADFORD EBEL, ELLEN**
**KIRKPATRICK, DOROTHY**
**ZIMMER, and ARAMARK**
**CORRECTIONAL SERVICES**
**(sued herein as ARAMARK FOOD**
**SERVICES),**

                **Defendants.**
**_____**

**J. RICHARD BOCKELMANN,**

                **Third-Party Plaintiff,**

        **v.**

**ELLEN KIRKPATRICK, and**
**DOROTHY ZIMMER,**

                **Third-Party Defendants.**
**_____**

**BRADFORD EBEL,**

                **Third-Party Plaintiff,**

        **v.**

**ELLEN KIRKPATRICK, and**
**DOROTHY ZIMMER,**

        **Third-Party Defendants.**

_____

**ELLEN KIRKPATRICK,**

        **Third-Party Plaintiff,**

        **v.**

**J. RICHARD BOCKELMANN,**
**BRADFORD EBEL, and**
**DOROTHY ZIMMER,**

        **Third-Party Defendants.**

_____

**DOROTHY ZIMMER, and**
**ARAMARK FOOD SERVICES,**

        **Third-Party Plaintiff,**

        **v.**

**J. RICHARD BOCKELMANN,**
**BRADFORD EBEL, and**
**ELLEN KIRKPATRICK,**

        **Third-Party Defendants.**

_____

**APPEARANCES:**　　　　　　　　　　**OF COUNSEL:**

2

**FOR THE PLAINTIFF:**

GRANVILLE BOST
Plaintiff, *Pro se*
C/O M. Bost
4201 Broadway East
Kingston, New York 12401

**FOR THE DEFENDANTS:**
(*Kirkpatrick*):
LAW OFFICE OF ROBERT A. DURR        MARK A. VENTRONE, ESQ.
103 East Water Street
Suite 304
Syracuse, New York 13202

(*Bockelmann, Ebel*)
MAYNARD, O'CONNOR                   MICHAEL CATALINOTTO, SR.,
LAW FIRM                            ESQ.
ROUTE 9W
P.O. Box 180
Saugerties, New York 12477

(*Zimmer, Aramark Food Services*)
O'CONNOR, O'CONNOR LAW FIRM         MICHELE M. MONSERRATE,
Albany Office                       ESQ.
20 Corporate Woods Boulevard
Albany, New York 12211

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

After plaintiff *pro se* Granville Bost filed a § 1983 action for violation

3

of his Eighth Amendment rights, *see Dkt. No. 1; see also* 42 U.S.C. § 1983, defendants' motions for summary judgment were referred to Magistrate Judge David E. Peebles for report and recommendation. *See Dkt Nos. 83, 96, 98; see also* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. R. 72.3(c); Gen. Order No. 12, § D(1)(G). Subsequently, Judge Peebles issued a report recommending that the motions be granted. *See Report-Recommendation ("R&R"), Dkt. No. 109.*[1]

In his amended complaint, Bost alleges that defendants were deliberately indifferent to his medical needs on three separate accounts. First, he claims that the prison violated his rights by failing to honor his requests for additional food to guard against weight loss and malnutrition. Second, he claims that the prison failed to promptly provide him with an inhaler to address his asthma-like conditions. Finally, Bost alleges that the prison failed to provide him with a daily dose of aspirin as a preventative measure for an unnamed condition.

Construing Bost's claims broadly, Judge Peebles concluded the following: (1) Bost's weight loss concerns were insufficient to rise to the

---

[1] The Clerk is directed to append Judge Peebles' Report-Recommendation to this decision, and familiarity is presumed. *See Dkt. No. 109.*

level of a serious medical need, nor did he demonstrate evidence of deliberate indifference; (2) even presuming that Bost's asthma-like condition was serious, there is no evidence that defendants were deliberately indifferent to this condition either; (3) Bost's unspecified condition requiring a daily dose of aspirin was not sufficiently serious to support an Eighth Amendment claim, nor did he demonstrate deliberate indifference; and (4) any possible retaliation claim by Bost was insufficient because Bost did not establish a nexus between the protected activity and the complained of adverse action.

## II. **Discussion**

Bost has now filed timely objections to Judge Peebles' report. *See Dkt. 116.* Bost's specific objections will be reviewed under a *de novo* standard, while the remainder of his objections are unspecific and will be reviewed under a clearly erroneous standard. *See Almonte v. N.Y. State Div. of Parole*, 9:04-CV-484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006). Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the Report-Recommendation in its entirety.

Bost makes two specific objections. First, Bost argues that Judge

5

Peebles failed to analyze his claims under the proper standard.  He specifically claims that as a detainee, the Fourteenth Amendment requires prison officers to be held to a higher standard when courts determine what constitutes adequate medical care.  In support, Bost cites *Haitian Centers Council, Inc. v. Sale*, 823 F. Supp. 1028 (E.D.N.Y. 1993) (court addressed the rights of HIV positive detainees at Guantanamo Bay Naval Base).  This contention is without merit.  Judge Peebles cited the proper Eighth Amendment case law, while the case cited by Bost is wholly outside the context of prisoner litigation and instead deals with immigration issues.

Bost also objects to Judge Peebles' failure to dismiss the motion filed by the Aramark defendants because of their noncompliance with Local Rule 7.1.  *See Dkt. No. 98; see also* N.D.N.Y. R. 7.1(a)(3).  As an initial matter, Judge Peebles properly converted defendants' three separate motions to dismiss into ones for summary judgment given the additional materials submitted to the court.  *See* FED. R. CIV. P. 12(c).  Moreover, Judge Peebles noted that Bost was adequately put on notice of the undisputed material facts by the 7.1 statements filed by defendants Bockelmann and Kirkpatrick.  The court also notes that Bost himself did not file a statement of material facts as required by the local rules.  While

6

compliance with the local rules is of upmost importance, here, Bost had ample notice of the facts supporting defendants' motions. Having reviewed Judge Peebles' report *de novo*, the court adopts the procedural posture used by Judge Peebles. Accordingly, Bost's objection is meritless.

The remainder of Bost's objections do not specifically address Judge Peebles' factual and legal conclusions.[2] Instead, Bost has simply repeated the facts and arguments laid out in his motion papers. His remaining objections contain no new analysis or arguments, nor do they cite authority in support of what are otherwise mere conclusory claims. Given the inadequacy of these objections, he has procedurally defaulted. *See Almonte v. N.Y. State Div. of Parole*, 9:04-CV-484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006). Accordingly, the court has reviewed the remainder of Judge Peebles' report and recommendation for clear error. *See Almonte*, 2006 WL 149049, at *6. Having discerned none, the court adopts the report and recommendation in its entirety.

**WHEREFORE**, and for the reasons stated, it is hereby

**ORDERED** that Judge Peebles' June 5, 2006 Report-

---

[2]Bost claims that as an impoverished person he is unable to quickly obtain affidavits from witnesses to prove his case. However, he was given adequate time to obtain witness affidavits, and this objection is without merit.

7

Recommendation (**Dkt. No. 109**) is accepted and adopted in its entirety; and it is further

    **ORDERED** that the defendants' motions for summary judgment (**Dkt. Nos. 83, 96, 98**) are **GRANTED**, and the complaint is **DISMISSED IN ITS ENTIRETY**; and it is further

    **ORDERED** that the clerk provide a copy of this Decision and Order to the parties.

**IT IS SO ORDERED.**

February 16, 2007  
Albany, New York

                                                                  */s/ Gary L. Sharpe*  
                                                                    Gary L. Sharpe  
                                                                    U.S. District Judge